CHARLES W. SEABURY *vs.* METROPOLITAN RAILROAD COMPANY.

Suffolk. March 24. — 26, 1874. AMES & DEVENS, JJ., absent.

The allegation in a bill in equity that land is held subject to a restriction against building, and that adjoining land is believed to be held under a like restriction, without showing such a relation between the owners of the two parcels as would enable the one to enforce such restriction against the other, discloses no ground for relief.

BILL IN EQUITY for an injunction, alleging that the plaintiff was and had for a long time been the owner and occupant of a certain parcel of land situated on the southerly side of Marlborough Street, and between Gloucester and Fairfield Streets, in Boston, and also of the building standing on said parcel of land, used by the plaintiff as a dwelling and residence for himself and his family ; that among the terms, conditions and restrictions of the sale and grant of said parcel of land unto the plaintiff was the condition and restriction that it and the buildings thereon or to be erected thereon should be used only for the purposes of a residence and dwelling, and that no stable other than a private stable should be erected thereon, and that no offensive or improper use should be made of the same ; said conditions and restrictions as the plaintiff avers and believes being made for the benefit, comfort and convenience of those occupying said parcel of land and premises in the vicinity thereof ; that the plaintiff is informed and believes that like conditions and restrictions were imposed upon each and every of the present purchasers and owners of land upon said Marlborough Street, which is a street of

great width and beauty, and in every way desirable for private residences; that the Metropolitan Railroad Company has purchased, or in some manner become possessed of a large parcel of land upon said Marlborough Street and adjacent to the plaintiff's said parcel of land; and upon said parcel of land, purchased or otherwise obtained as aforesaid, said corporation has erected a large stable, which said corporation uses and occupies for keeping a great number of horses and carriages and other property; that the plaintiff avers and believes that said corporation holds said parcel of land subject to the restrictions and conditions imposed as aforesaid upon the plaintiff and others; that the plaintiff avers that said corporation erected or caused to be erected said stable, and has used and occupied, and does now use and occupy said stable, for keeping a great number of horses and carriages, without having obtained authority therefor from the mayor and aldermen of the city of Boston; and that the erection, use and occupation of said stable as aforesaid has diminished the value of property on said street, and especially the premises of the plaintiff, and the noise and ill odor proceeding from said stable, in consequence of its use and occupation as aforesaid, is greatly detrimental to the health and comfort of the occupants of houses in the neighborhood, and especially to the health and comfort of the plaintiff.

The prayer was for a writ of injunction, enjoining and restraining the defendant from in any manner using or occupying said stable hereafter for the keeping of horses or carriages as aforesaid, and commanding and enjoining said defendant to remove said stable so erected, used and occupied as aforesaid, from said parcel of land on Marlborough Street; and for such other and further relief in the premises as the circumstances of the case required.

The defendant demurred to all of the bill except that part thereof which is in the following words: "and the noise and ill odor proceeding from said stable, in consequence of its use and occupation as aforesaid, is greatly detrimental to the health and comfort of the occupants of houses in the neighborhood, and especially to the health and comfort of the plaintiff," on the ground that the plaintiff had not in his bill stated such a case as entitled him to relief in equity; and to the part of the bill not demurred to the defendant filed an answer.

The case was reserved by *Devens*, J., upon the bill and demurrer foi the consideration of the full court.

*E. O. Shepard*, for the defendant. It is not alleged that the conditions and restrictions under which the defendant holds its land were made for the benefit of the plaintiff, or for the benefit of the parcel of land he holds ; nor is it alleged that the plaintiff and defendant derive title from or hold under a common grantor. The conditions are like conditions, and the plaintiff believes his were imposed for the benefit of his parcel " and premises in the vicinity thereof ; " but what premises in the vicinity thereof, and whether he includes therein the defendant's land, is not stated ; neither is it stated that the conditions annexed to the defendant's land were imposed by anybody under such circumstances that the plaintiff has acquired any equitable right to have them enforced. *Jewell* v. *Lee*, 14 Allen, 145.

*P. A. Collins*, for the plaintiff. The defendant corporation is without right, and in violation of the terms and restrictions of its deed, which terms and restrictions are for the common benefit of owners of land upon said Marlborough Street, injuring the property of the complainant. *Whitney* v. *Union Railway Co.* 11 Gray, 359. *Parker* v. *Nightingale*, 6 Allen, 341. *Schwoerer* v. *Boylston Market Association*, 99 Mass. 285. *Linzee* v. *Mixer*, 101 Mass. 512.

BY THE COURT. The bill does not show such a relation between the plaintiff and the defendant, as to entitle him to enforce the alleged restrictions. As the bill may be amended by leave of a single justice in this and other respects, no further opinion is given on its sufficiency. *Demurrer sustained.*